# Conrad H. Blessington, Plff. in Err., *v.* Commonwealth of Pennsylvania To Use.

An action before a justice of the peace for the penalty prescribed by the act of June 13, 1836, for stopping, etc., without authority, a ditch made by supervisors, is properly brought in the names of the commonwealth and the person at whose instance the proceedings are begun.

All else that appears in the caption is mere surplusage.

Where the offense charged brings the case within the act of June 13, 1836, a misrecital of the act by the justice is immaterial.

The record of a justice of the peace need not specify the hour in which he entered judgment by default, if in fact the case was heard at the time mentioned in the summons.

(Argued May 14, 1888. Decided May 25, 1888.)

Cited in Fronheiser v. Werner, 14 Pa. Co. Ct. 523, 3 Pa. Dist. R. 515; Fornbler v. Buzzard, 4 Northampton Co. Rep. 389.

NOTE.—The record must set forth the statutory provision which has been violated. Its substance, with the title and date of the act, should be set forth. Nash v. Com. 2 C. P. Rep. 239. The reference is sufficient if the title, date and section be given. Van Swartow v. Com. 24 Pa. 131; Gibbons v. Wandell, 2 Kulp, 344; Sackville v. Com. 24 Pa. Co. Ct. 565. See Denzin v. Com. 3 Pa. Co. Ct. 654; Com. v. Evans, 29 Phila. Leg. Int. 133.

July Term, 1887, No. 80, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Lancaster County to review a judgment affirming on certiorari the judgment of an alderman in an action for a penalty. Affirmed.

The transcript of the alderman was as follows:

The commonwealth of Pennsylvania for the use of Samuel W. Hirsh and the Township of Strasburg, Lancaster County, for the use of the Supervisors of the Public Roads, v. Conrad Blessington.

Action for a penalty for filling up or injuring a drain or ditch made by the supervisors of Strasburg township, Lancaster county, Pa. April 12, 1886, summons issued, John Russell, constable, returnable April 17, 1886, between 2 and 2½ P. M. Subpœnas for five witnesses issued for plaintiff. April 13, 1886, summons returned served on the defendant by producing the original summons to and informing him of the contents thereof. So answers on oath John F. Russell, constable.

And now, April 17, 1886, defendant fails to appear. Plaintiff or prosecutor, Samuel W. Hirsh, one of the supervisors of Strasburg township, complains that [defendant has violated the provisions of § 93 of the act of assembly in relation to roads, highways, and bridges, passed June 3, 1836. [1] Purdon, p. 880, old ed.] by stopping, filling up, and injuring a drain or ditch on the public road in aforesaid township, leading from Strasburg borough to the White Oak, made by the supervisors of said township for the purpose of draining the water from said public road, without the consent or authority of the supervisors, whereby he has incurred a penalty of not less than $4 nor more than $20, which plaintiff demands. Plaintiff, S. W. Hirsh, S. S. Hess, David E. Mayer, F. B. Musselman, and George Walk sworn for plaintiff, and upon a full examination of the facts of the case, the alderman publicly declares the defendant is convicted, and gives judgment publicly for plaintiff for $16 and costs of suit.

May 6, 1886, writ of certiorari served.

Upon overruling the exceptions the court below, PATTERSON, J., delivered the following opinion:

The exceptions filed to the proceedings are:

1. There are two plaintiffs on the record, improperly joined.

2. The township of Strasburg, etc., etc., is improperly named and joined as a plaintiff.

3. The defendant not appearing and judgment by default, the record is defective in not showing the hour when judgment was given—hour when plaintiff appeared before alderman.

4. The judgment and conviction are improper.

The first and second exceptions are not sustained.

The action was brought under § 67 of the act of the 13th of June, 1836, which reads: "If any person shall stop, fill up, or injure any drain or ditch, made by any supervisors for the purpose of draining the water from any public road or highway, or shall divert or change the course thereof, without the authority of the supervisors for the time being, such person for every such offense shall forfeit and pay a sum not less than $4 nor more than $20."

And § 75 of said act says: "All fines and pecuniary penalties which may be incurred under any of the provisions of this act shall, unless it be otherwise specially provided, be recoverable in the name of the commonwealth, at the instance of any person who will sue therefor, in the same manner as debts of like amount are recoverable, with costs of suit; and one moiety thereof shall be paid . . . into the treasury of the respective townships, for the use of the supervisors of the public roads."

Hence, the suit would be properly brought in the names of the commonwealth and the person at whose instance the suit is brought. That all appears in the caption of this suit, and all else that appears would be viewed as surplusage. That must be manifest; and if in court it was being tried on appeal, under the law of amendments of suits, the court would allow amendment, and strike out all surplusage in the caption of the suit.

The said two exceptions are therefore overruled.   [2] [3]

The third exception must be overruled also. It is true that by § 3 of the act of April 26, 1855, "all summons issued by any alderman or justice of the peace may designate the hours of the day between which the same shall be returnable; and if either of the parties fail to appear during the time so designated, it shall be lawful for the said alderman or justice of the peace to render judgment, or otherwise determine the same, as is provided by law." That section was employed in the suit before us by the alderman "April 12, 1886, summons issued returnable April 17, 1886, between 2 and 2½ P. M."

The record shows on its face that on April 17, the service of the summons on defendant having been returned under oath, the defendant failed to appear, and further it shows that at the hour specified in the summons the plaintiff, Samuel W. Hirsh, one of the supervisors, was sworn, and evidence in support of plaintiff's claim was heard, and that the defendant is convicted and judgment given publicly for plaintiff for $16 and costs of suit.

Now, all that appears is in conformity with the above-quoted § 3 of the act of 1855, and is in strict compliance with § 6 of the act of March 20, 1810, which says: "In case the defendant does not appear upon summons, on the day appointed, the justice may, on due proof, by oath or affirmation of the service of the summons as aforesaid, proceed to give judgment by default, publicly against such defendant, allowing twenty days as aforesaid for an appeal," etc., etc. There does not appear to be any statute or other binding authority that requires the alderman to enter on his record the hour in which he entered judgment by default, or on the day and hour in which the defendant was summoned to appear, if the case is heard and the evidence presented—if the proofs and allegations are heard at the time and hour mentioned in the summons, which was the case in the present suit. The third exception is therefore also dismissed. [4]

The fourth exception is also overruled, as we can see no error in the conviction and entering judgment in the premises against the defendant. [5]

It only remains to say that all the exceptions to the alderman's transcript are overruled, and that the alderman's proceedings and judgment are affirmed.

The assignments of error specified the action of the court: (1) In affirming the alderman's judgment notwithstanding the portion of the transcript inclosed in brackets; and (2–5) in overruling the defendant's exceptions.

*Benj. F. Davis,* for plaintiff in error.—There is no act of assembly of June 3, 1836, relating to roads, highways, etc.; but said act was passed on June 13, 1836. There is no § 93 of any act of June 3, 1836, nor of the general act of June 13, 1836 (there not being that many sections in the general act of June 13, 1836). Therefore the alderman had no jurisdiction, and the judgment is void.

The record must show the jurisdiction. Philadelphia v. Mason, 4 Dall. 266, 1 L. ed. 827; Philadelphia v. Nell, 3 Yeates, 475; Philadelphia v. Duncan, 4 Phila. 145; Com. v. Finkheimer, 9 Phila. 504; Schnell v. City, 1 W. N. C. 636.

According to the act of assembly there can be but one plaintiff, *viz.,* the commonwealth, in an action to recover the penalty, all reference to any other persons only having regard to the manner of distribution of the penalty after judgment is obtained. In this suit there are at least two plaintiffs, *viz.,* the commonwealth "and the township of Strasburg," etc.

Penal actions must be construed strictly, and should not be extended beyond the evident intention of the legislature as expressed upon their face. Bucher v. Com. 103 Pa. 534; Cake v. Jacoby, 2 W. N. C. 391.

The transcript shows "the alderman publicly declares the defendant is convicted," etc. In an action such as this there should be no conviction. Carlisle v. Baker, 1 Yeates, 472; Clark v. Com. 33 Pa. 112.

There is nothing in the record or notes of testimony in this case filed by the alderman to show that the road alleged to have been interfered with was laid out, surveyed, or opened and used under authority of law. This being a penal action, his authority and jurisdiction should appear affirmatively. Philadelphia v. Mason, 4 Dall. 266, 1 L. ed. 827; Philadelphia v. Nell, 3 Yeates, 475, before cited.

*B. F. Eshleman* for defendant in error.

PER CURIAM:

The offense as charged brings the case within the act of June 13, 1836, so that the misrecital of the act by the alderman was of no consequence. The remaining exceptions have been well answered by the court below.

Judgment affirmed. ·